Filed 7/15/13  P. v. Brents CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047287 |
| v. | (Super. Ct. No. 96NF2113) |
| GARY GALEN BRENTS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Thomas M. Goethals, Judge.  Affirmed as modified.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kelley Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Gary Galen Brents' sole contention on appeal is the trial court violated double jeopardy by increasing the amount of the restitution and parole revocation fines upon resentencing. The Attorney General concedes he is correct. We agree, modify the judgment accordingly, and affirm the judgment in all other respects.

FACTUAL BACKGROUND

A detailed statement of the facts of the underlying crimes is not relevant to the issue presented by this appeal. The following brief statement of facts is taken from *People v. Brents* (2012) 53 Cal.4th 599 (*Brents*).

In 1995, defendant argued with Kelly Gordon over $100 in proceeds from a methamphetamine sale. Defendant tried to suffocate Gordon, and also choked her. Then he placed Gordon in the trunk of a borrowed car, drove her to a remote location, poured gasoline on her and on the outside of the trunk, and lit the gasoline on fire. Gordon burned to death, trapped in the trunk.

PROCEDURAL BACKGROUND

A jury found defendant guilty of first degree murder (Pen. Code, § 187, subd. (a)),[1] kidnapping (§ 207, subd. (a)), and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)), and found true a kidnapping-murder special circumstance allegation (§ 190.2, subd. (a)(17)(B)). The court found true various prior conviction enhancement allegations (§§ 667, subds. (a), (d), (e)(2), 1170.12, subds. (b), (c)(2), 667.5, subd. (b)). The court sentenced defendant to death and imposed a $200 restitution fine (former § 1202.4, subd. (b)). The court did not impose a parole

_____

[1]     All further statutory references are to the Penal Code.

2

revocation fine (former § 1202.45) because the sentence did not include a possibility of parole.

In *Brents*, our Supreme Court reversed the death sentence, struck the kidnapping special circumstance, and remanded the case to the trial court for further proceedings. (*Brents*, *supra*, 53 Cal.4th at p. 619.)

On remand, the court resentenced defendant to a term of 119 years to life and imposed a $5,000 restitution fine, together with a parole revocation fine in the same amount. These fines are the subject of this appeal.

DISCUSSION

As a threshold matter, defendant and the Attorney General both urge us to consider defendant's claim on the merits, even though he did not formally object and preserve the issue in the trial court. We believe it is appropriate to consider defendant's claim on the merits in the interest of judicial economy, and to forestall a subsequent habeas petition on the issue. (*People v. Marlow* (2004) 34 Cal.4th 131, 150; *People v. Butler* (2003) 31 Cal.4th 1119, 1128.)

On the merits, we agree the increased restitution fine violates the state constitutional prohibition against double jeopardy. (Cal. Const., art. I, § 15.) *People v. Hanson* (2000) 23 Cal.4th 355 is directly on point. In that case, the court held the restitution fine is a form of punishment which may not be increased upon resentencing following a successful appeal. (*Id.* at pp. 363-366.) "The appropriate remedy is to modify the judgment to reduce the restitution fund fine to $200, and we will do so." (*People v. Wardell* (2008) 162 Cal.App.4th 1484, 1496.)

The parole revocation fine must be reduced to $200 as well, even though defendant has no meaningful prospect of parole. "In every case where a . . . sentence includes a period of parole, the court shall . . . assess an additional parole revocation

3

restitution fine *in the same amount* as that imposed pursuant to subdivision (b) of Section 1202.4.  This additional restitution fine shall be suspended unless the person's parole is revoked."  (Former § 1202.45, italics added.)

## DISPOSITION

The judgment is modified to reduce the restitution fine and the parole revocation fine to $200 each.  The clerk of the superior court is directed to amend the abstract of judgment and forward a copy of the amended abstract to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

THOMPSON, J.

WE CONCUR:

ARONSON, ACTING P. J.

FYBEL, J.

4